UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 23 2013 ★
BROOKLYN OFFICE

| | |
|---|---|
| DENNIS PENNY<br>2228 Ryder St.<br>Brooklyn, NY 11234<br><br>        Plaintiff,<br>v.<br><br>WHITESTONE CONSTRUCTION CORP.<br>50-52 49th Street<br>Woodside, NY 11377<br>    and<br>STEVEN GRZIC<br>50-52 49th Street<br>Woodside, NY 11377<br><br>        Defendants | CIVIL ACTION<br>CASE NO.: CV 13 - 0418<br><br>JURY TRIAL DEMANDED<br><br>IRIZARRY, J.<br><br>REYES, M.J |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      This action has been initiated by Dennis Penny (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Family and Medical Leave Act ("FMLA") and the New York Human Rights Law(s). Plaintiff was unlawfully terminated from his employment for taking FMLA-qualifying medical leave, for engaging in protected activity and was subjected to discrimination because of his known and/or perceived health problems.

### JURISDICTION AND VENUE

2.      This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) under the New York Human Rights Law(s) because such claims arise out of the same common nucleus of operative facts as his federal claims asserted herein.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth above.

8. Defendant Whitestone Construction Corp. ("Defendant WC") is a New York domestic for-profit entity engaging in the business of providing construction services throughout New York State.

9. Defendant Steven Grzic ("Defendant Grzic") is upon information and belief a shareholder, executive officer, and overseer of operations within Defendant WC. He is personally liable herein under applicable law(s) permitting personal liability because he exercised control and supervision over Plaintiff, was aware of his protected rights under the laws

asserted herein, and because he personally terminated Plaintiff in violation of the laws asserted herein.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are fully incorporated herein as though set forth at length.

12. Plaintiff was employed by Defendant WC in total for approximately seven (7) years.

13. Plaintiff consistently worked well over 40 hours per week for Defendant WC while performing his job.

14. Plaintiff was primarily employed by Defendant WC as a superintendant overseeing construction projects and assisting with said construction.

15. During the course of Plaintiff's employment, Plaintiff suffered from various health problems, particularly serious knee-related disabilities.

16. Plaintiff has had a long history of knee problems, which have and continued to cause him pain and difficulties with mobility.

17. Plaintiff was terminated from Defendant WC on or about September 28, 2012.

18. Prior to Plaintiff's termination, Plaintiff had not received discipline, had received praise, and performed his job very well.

19. Shortly before his termination from Defendants though, Plaintiff had confided in his management, particularly Defendant Grzic, that he had knee-related disabilities that required a short medical leave of absence and surgery.

20. Plaintiff had told Defendants' management in our about August of 2012 that he needed to take a medical leave of absence.

21. Although Plaintiff was eligible for leave under the Family and Medical Leave Act ("FMLA"), Defendants failed to Plaintiff with written notices, certifications, and designations of his time as FMLA-qualifying as mandated by the FMLA (to be done within 2 days or as soon as practicable).

22. Plaintiff informed his management, including Christen Grzic (vice president of Defendant WC) and Defendant Grzic (owner of Defendant WC) that he would need approximately 1 month for a medical leave commencing on October 1, 2012.

23. Plaintiff further informed his aforesaid management that he would be able to return to work on November 5, 2012.

24. Plaintiff was however informed shortly before he was to take such leave that he was being terminated and that he would not be reinstated or rehired following his medical leave because Defendant was engaging in a reduction in workforce.

25. Defendants' termination of Plaintiff though was for discriminatory, retaliatory and pretextual reasons though because, *inter alia*: (a) Plaintiff was one of many employees of Defendant who performed the same or similar job who should have been reduced in force had neutral criteria been applied; (b) he was only notified of his termination within 7 years promptly following his health and medical leave disclosures; and (c) Defendants made no effort whatsoever to comply with federally mandated notice requirements and obligations under the

4

FMLA; and (d) there were multiple positions Plaintiff could have performed within Defendant WC had Plaintiff not been terminated based upon his medical needs.

### First Cause of Action
### Violation of the Family and Medical Leave Act ("FMLA")
(Interference & Retaliation)
- Against Both Defendants -

26. The foregoing paragraphs are fully incorporated herein as though set forth at length.

27. Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

28. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

29. Further, Plaintiff had at least 1,250 hours of service with Defendants during the prior twelve (12) months.

30. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

31. Plaintiff was entitled to receive leave, pursuant to 29 U.S.C.A. § 2612(a)(1) due to serious health conditions.

32. Defendants committed interference and retaliation violations of the FMLA by: (1) not properly advising Plaintiff of his FMLA rights on an individualized basis within 2 days or as soon as practicable once on notice of his medical leave needs; and (2) by terminating Plaintiff: (a) for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (b) by considering Plaintiff's FMLA leave needs; (c) to dissuade Plaintiff and/or other employees

5

from utilizing FMLA leave; and (e) to prevent him from taking FMLA-qualifying leave in the future.

33. Defendant Grzic is personally liable for the FMLA violations asserted herein because he personally made the unlawful decisions as alleged in this Complaint, failed to follow FMLA regulations, and exercised control over all aspects of Defendant WC's business operations.

### Second Cause of Action
### Violation of New York Human Rights Law(s)
### (Disability Discrimination & Retaliation)
### - Against Defendant WC Only -

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. During Plaintiff's employment, Plaintiff suffered from serious health conditions, including but not limited to disabilities related to his legs/knees.

36. During Plaintiff's employment, Plaintiff kept Defendant WC's management apprised of his serious health conditions.

37. Plaintiff required a very reasonable accommodation, an approximate month off from work.

38. Plaintiff was unlawfully discriminated against by being terminated due to his: (a) known disabilities; (b) perceived health problems; and/or (c) his record of impairment.

39. Plaintiff was also unlawfully terminated from Defendant WC in retaliation for requesting reasonable accommodations such as intermittent time off from work for health reasons.

## Third Cause of Action
### Violations of the New York Labor Law, Article 6
### (Unpaid Wages)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Defendants are required to pay Plaintiff all wages earned by him during his employment in accordance with New York Labor Law(s).

42. Pursuant to Defendants policies, Plaintiff was entitled to time and one half his original pay for hours worked on Saturdays, double time his original pay for hours work on Sundays, and night shift differential for hours worked on night shift.

43. Plaintiff occasionally worked Saturday, Sundays, and night shift; however, Defendant failed to properly pay Plaintiff for the hours he worked.

44. The failure to pay Plaintiff all wages earned (including those set forth under the union contact) constitutes a violation as explained herein.

45. Defendants' pay violations were clearly willful and warrant liquidated damages pursuant to N.Y. Lab. L. § 198.

46. Defendants' failure to pay Plaintiff all wages earned constituted violations of NY Labor Law(s), Article 6, and New York State Labor Law §§ 190 *et. seq.* (and supporting regulations and orders of the New York State Department of Labor).

47. As a direct, proximate, and actual cause of Defendants' actions, Plaintiff has suffered damages, including but not limited to lost wages.

## Fourth Cause of Action
### Violations of NY Labor Law §§ 193, 198 and 663
(Unpaid Wages)

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff was not properly paid all wages owed to him.

50. Plaintiff is entitled to recover for unpaid wages owed to him, and Defendants' actions as aforesaid constitute violations of law as set forth in this Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, overtime pay, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay Plaintiff would have received had it not been for Defendants' illegal actions;

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded damages for emotional distress/pain and suffering and any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action, prejudgment interest, and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth under applicable state and/or federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Adam C. Lease
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 15, 2013